UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRANDON OLIVERA and STEVEN ORTMANN, | NO. CIV. 2:10-1747 WBS GGH |
| Plaintiffs, | |
| v. | ORDER DETERMINING GOOD FAITH SETTLEMENT |
| BRIAN VIZZUSI; MARK SIEMENS; CITY OF LINCOLN; CITY OF ROCKLIN; LINCOLN POLICE DEPARTMENT; and ROCKLIN POLICE DEPARTMENT, | |
| Defendants. | |

----oo0oo----

Plaintiffs Brandon Olivera and Steven Ortmann filed this action against Brian Vizzusi, City of Lincoln, Lincoln Police Department (collectively "Lincoln defendants"), Mark Siemens, City of Rocklin, and Rocklin Police Department (collectively "Rocklin defendants") arising from the alleged disclosure of plaintiffs' personnel records.  The Lincoln defendants move for a determination that the $12,000 settlement

1

reached between plaintiffs and the Lincoln defendants was made in good faith pursuant to California Civil Code section 877.6. (Docket No. 22.)  Plaintiffs have not settled with the Rocklin defendants.  The Rocklin defendants have filed a statement of non-opposition to the instant motion.  (Docket No. 33.)

A settling party may seek a determination that a settlement was made in good faith under California Code of Civil Procedure section 877.6 in federal court. <u>Fed. Sav. & Loan Ins. Corp. v. Butler</u>, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions . . . are applicable"); <u>Jette v. Orange Cnty., Fin., Inc.</u>, No. 2:08-cv-01767 GEB KJM, 2010 WL 3341561, at *2 (E.D. Cal. Aug. 23, 2010); <u>Maxwell v. MortgageIT, Inc.</u>, No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1, 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); <u>Sunterra Corp. v. Perini Bldg. Co.</u>, No. 2:04-cv-00784 MCE EFB, 2009 WL 2136108, at *1 (E.D. Cal. July 15, 2009) (stating that "[a] district court may properly consult the provisions of § 877.6 in determining whether an early settlement meets the requisite good faith scrutiny").  Section 877.6 provides:

> (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . ., upon giving notice . . . .
> (2) In the alternative, a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. . . .
> (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits

```
           filed in response, or the court may, in its discretion,
           receive other evidence at the hearing.
           (c) A determination by the court that the settlement was
           made in good faith shall bar any other joint tortfeasor
           . . . from any further claims against the settling
           tortfeasor . . . for equitable comparative contribution,
           or partial or comparative indemnity, based on comparative
           negligence or comparative fault.
           (d) The party asserting the lack of good faith shall have
           the burden of proof on that issue.
```

Cal. Civ. Proc. Code § 877.6.

   Here, the motion is unopposed by the Rocklin defendants and the court finds that the settlement was made in good faith based on the factors announced in <u>Tech-Bilt, Inc. v. Woodward-Clyde & Associates</u>, 38 Cal.3d 488, 500-01 (1985) (holding that a court should consider, <u>inter</u> <u>alia</u>, the rough approximation of plaintiff's total recovery and the settling party's proportionate liability, the amount of the settlement, and the existence of collusion, fraud or tortious conduct aimed to injure the nonsettling party's interests).

   The Lincoln defendants' counsel states that when she learned through her negotiations that plaintiffs would accept a global settlement of $20,000, she contacted the Rocklin defendants' counsel, but the Rocklin defendants were not interested in settling at that time. (Sarno Decl. in Supp. of Mot. for Good Faith Settlement Approval ¶¶ 4-5 (Docket No. 23).) The Lincoln defendants then settled with plaintiffs for $12,000, to be divided equally between the two plaintiffs, and Vizzusi has agreed to be available as a witness for the remainder of the litigation. (<u>Id.</u> ¶¶ 6-8.)

   The court has no reason to doubt that the proposed global settlement of $20,000 reflects a reasonable estimate of

plaintiffs' total recovery for alleged emotional harm and constitutional violations.  Nothing suggests that the Lincoln defendants' fault exceeds sixty percent when both the Lincoln defendants and the Rocklin defendants allegedly participated in the disclosure of plaintiffs' personnel records.  Moreover, no evidence suggests that the settlement is the result of collusion, fraud, or tortious conduct.  To the contrary, the Lincoln defendants' counsel informed the Rocklin defendants' counsel of the proposed global settlement.

     IT IS THEREFORE ORDERED that the Lincoln defendants' motion for a good faith settlement determination be, and the same hereby is, GRANTED.  IT IS FURTHER ORDERED that the settlement bars ANY claims for contribution or indemnity by the Rocklin defendants against the Lincoln defendants.

DATED: December 7, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE