UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRANDON OLIVERA and STEVEN ORTMANN, | NO. CIV. 2:10-1747 WBS GGH |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| BRIAN VIZZUSI; MARK SIEMENS; CITY OF LINCOLN; CITY OF ROCKLIN; LINCOLN POLICE DEPARTMENT; and ROCKLIN POLICE DEPARTMENT, | |
| Defendants. | |

----oo0oo----

Plaintiffs Brandon Olivera and Steven Ortmann filed this action against Brian Vizzusi, Mark Siemens, City of Lincoln, City of Rocklin, Lincoln Police Department, and Rocklin Police Department arising from the alleged disclosure of plaintiffs' personnel records. Plaintiffs have voluntarily dismissed City of Lincoln, Lincoln Police Department, and Brian Vizzusi from this action. City of Rocklin, Rocklin Police Department ("Rocklin PD"

1

and collectively "Rocklin defendants"), and Mark Siemens now move to dismiss the three federal claims in the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.  Factual and Procedural Background

On or around October 30, 2003, Rocklin PD Sergeant Vizzusi conducted an administrative investigation of plaintiffs, who were Rocklin PD police officers,[1] relating to an incident in Humboldt County, California, and prepared an internal affairs investigation report ("report").  (SAC ¶¶ 17, 24 (Docket No. 30).)  Vizzusi then transmitted the report to Rocklin PD Chief of Police Siemens, but obtained or retained a copy of the report.  (Id. ¶¶ 18-19.)  The investigation was subsequently closed.  (Id. ¶ 17.)

The SAC alleges that the report consisted of "over twenty pages" (id. ¶ 39) and contained plaintiffs' names, plaintiffs' positions at Rocklin PD, a "detailed" description of alleged misconduct, and summaries of interviews with plaintiffs.  (Id. ¶¶ 42-43.)  The report allegedly "disclosed various personal information, such as intoxication, fighting, sexual view points, sexual orientation, sexual relations, arrest records, medical conditions, and discrimination against third persons."  (Id. ¶ 43.)  The report also contained witness statements, analysis of the evidence, and recommendations on the disposition.  (Id. ¶

---

[1] Olivera is currently employed as a County of Placer District Attorney investigator.  (Second Am. Compl. ("SAC") ¶ 9 (Docket No. 30).)  Ortmann is still a police officer for Rocklin PD.  (Id. ¶ 10.)

2

49.)  The SAC alleges that the report was confidential pursuant to state law regarding police officers' personnel records and records maintained by police departments.  (Id. ¶¶ 40-41, 48, 52, 84.)

In 2004, Vizzusi left Rocklin PD and was hired by City of Lincoln as a Lincoln Police Department ("Lincoln PD") lieutenant.  (Id. ¶ 20.)  Vizzusi allegedly took a copy of the report with him to Lincoln PD.  (Id. ¶ 23.)  Siemens allegedly "authorized, permitted, or otherwise allowed Vizzusi to obtain and maintain a copy of Plaintiffs' personnel records and personal information after ending his employment" with City of Rocklin and Rocklin PD.  (Id. ¶ 28.)  Vizzusi was appointed to the position of Lincoln PD Chief of Police in 2006.  (Id. ¶¶ 21-22.)

On or around June 15, 2007, Vizzusi met with Lincoln PD Lieutenant Paul Shlegren and Lincoln PD Sergeant Brendan Lebrecht.  (Id. ¶ 24-25.)  Vizzusi provided them with a paper copy of the report and emailed them a copy immediately after the meeting.  (Id. ¶¶ 25-26.)  Vizzusi allegedly told Shlegren and Lebrecht that Siemens had given him permission to distribute plaintiffs' "personnel records" to members of the Lincoln PD.  (Id. ¶ 25.)  The SAC alleges that the disclosure of the report was "accompanied by oral statements."  (Id. ¶ 42; see also id. ¶ 18 ("Oral and written statements were also made by the Defendants to third persons about intoxication, sexual view points, sexual orientation, sexual relations, arrest records, medical conditions, and discrimination against third persons.").)

The disclosure to Shlegren and Lebrecht allegedly "result[ed]" in plaintiffs' "confidential personnel records and

3

confidential personal information bec[oming] widely known throughout the Lincoln PD, law enforcement communities in the region, and to other third persons and agencies." (Id. ¶ 30.) In January of 2010, a peace officer for Placer County "revealed the disclosure" to plaintiffs. (Id. ¶ 33.) On or about January 27, 2010, plaintiffs' counsel requested that Siemens "take appropriate steps to investigate the Police Department's apparent breach of its duty to safeguard its employees' personnel files." (Id. ¶ 34.) Plaintiffs' counsel also requested that City of Lincoln's City Manager account for all copies of plaintiffs' "personnel files," destroy all electronic copies, return all physical copies, and provide a sworn affidavit from Vizzusi attesting that all copies had been destroyed or returned to plaintiffs. (Id. ¶ 35.)

On February 12, 2010, City of Lincoln confirmed that Vizzusi had "disseminated" plaintiffs' "personnel records," indicated the records would be destroyed, and agreed to provide the physical copy of the records to plaintiffs' counsel. (Id. ¶ 36.) On March 18, 2010, City of Lincoln provided a signed declaration from Vizzusi to plaintiffs' counsel. (Id. ¶ 37.) Plaintiffs allege that electronic copies are still maintained on Lincoln PD's computers. (Id. ¶ 38.) Plaintiffs also allege that they have been and will continue to be stigmatized, humiliated, and embarrassed and that the disclosure of personal information has resulted in "risks to their status as law enforcement officers." (Id. ¶ 32.)

On July 7, 2010, plaintiffs filed an initial complaint alleging various federal and state law claims. (Docket No. 1.)

4

On September 9, 2010, plaintiffs filed the First Amended Complaint ("FAC"), asserting three federal claims pursuant to 42 U.S.C. §§ 1983 and 1985 for constitutional privacy violations and state law claims. (Docket No. 16.)  On November 15, 2010, the court granted the Rocklin defendants and Siemens' motion to dismiss with respect to the federal claims and the claim for violation of California Civil Code section 1798.42 (California's Information Practices Act of 1977) and denied it with respect to the other state law claims. (Docket No. 29.)  Plaintiffs then filed the SAC, which asserts three § 1983 and § 1985 claims and numerous state law claims.  The Rocklin defendants and Siemens now move to dismiss the three federal claims in the SAC pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket No. 36.)

II.   Discussion

     To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009), and where a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding whether a plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor.  Usher v. City of L.A., 828

F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation mark omitted).

        The Rocklin defendants and Siemens have provided, as an exhibit to a declaration from Siemens, a copy of a document that purports to be the report and a news article about plaintiffs' alleged misconduct.  (Docket No. 45.)  While not addressing its authenticity, Plaintiffs argue that the alleged copy of the report should not be considered.  (Pls.' Opp'n to Mot. to Dismiss SAC at 3:11-20 (Docket No. 44).)  The Rocklin defendants and Siemens argue that the court may consider the report because it is incorporated by reference into the SAC.  (Defs.' Mem. of P. & A. in Supp. of Mot. to Dismiss SAC ("Defs.' Mot.") at 7:4-8:15 (Docket No. 45).)  The SAC, however, does not incorporate the report by reference.  The report is neither attached to the SAC, nor does the SAC purport to quote the substance of the report.

        The Ninth Circuit has held that when ruling on a 12(b)(6) motion a court may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003).  Here, there is no foundation for the court to conclude that the report submitted by defendants is what "forms the basis" of plaintiffs' claim.  Id.  Accordingly, the court declines to consider the attachments to Siemens' declaration.

6

In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 itself is not a source of substantive rights; it provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

The Ninth Circuit has held that the Constitution protects an "individual interest in avoiding disclosure of personal matters."[2] In re Crawford, 194 F.3d 954, 958 (9th Cir. 1999) (internal quotation marks omitted). However, the "courts have construed this right narrowly, limiting it to those rights which are 'fundamental or implicit in the concept of ordered liberty.'" Carver v. Rathlesberger, No. 04-1918 DFL PAN, 2005 WL 3080856, at *2 (E.D. Cal. Nov. 11, 2005) (quoting St. Michael's Convalescent Hosp. v. Cal., 643 F.2d 1369, 1375 (9th Cir. 1981)).

In its Order filed November 15, 2010, this court dismissed the § 1983 claims in plaintiffs' First Amended Complaint, because the allegations were too conclusory and general. The court noted that it was unable to plausibly infer that defendants disclosed information that implicates "rights

---

[2] Plaintiffs also allege a Fourth Amendment violation. The Fourth Amendment applies to government employers. O'Connor v. Ortega, 480 U.S. 709 (1987).

7

which are 'fundamental or implicit in the concept of ordered liberty,'" <u>Carver</u>, 2005 WL 3080856, at *2 (quoting <u>St. Michael's Convalescent Hosp.</u>, 643 F.2d at 1375), or disclosed information that is of such a "highly personal or sensitive nature that it falls within the zone of confidentiality." <u>Flanagan v. Munger</u>, 890 F.2d 1557, 1570-71 (10th Cir. 1989).  Plaintiffs have failed to cure those deficiencies in their SAC.

In order for the court to determine whether the allegedly disclosed information rose to the level required to amount to a violation of the Constitutional right of privacy, the nature and substance of that information must be set forth in the complaint.  This is especially true where, as here, defendants have raised the defense of qualified immunity.  An essential step in any qualified immunity analysis is to characterize the defendant's alleged conduct, so that the court can determine whether that conduct violated clearly established law.  <u>See</u> <u>Pearson v. Callahan</u>, --- U.S. ----, ----, 129 S. Ct. 808, 815, (2009)(holding that the doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.") (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted).  Where the assailed conduct is the disclosure of information, a proper characterization of that conduct depends upon a proper understanding of what information was allegedly disclosed.

On that score, plaintiffs continue to make conclusory allegations.  (<u>See</u> SAC ¶ 43 (The report "disclosed various

8

personal information, such as . . . sexual orientation, sexual relations, . . . [and] medical conditions . . . ."; id. ¶ 18 ("Oral and written statements were also made by the Defendants to third persons about . . . sexual orientation, sexual relations, . . . [and] medical conditions . . . ."); id. ¶ 63 ("These disclosures involved personal matters, including information relating to counseling . . . .").)  With no more than those conclusory allegations, the court is unable to conclude that the factual allegations in the SAC plausibly suggest a constitutional privacy violation, or that the defendants are not entitled to qualified immunity.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the court must grant the motion to dismiss the § 1983 claims against the Rocklin defendants and Siemens.[3] The court will also dismiss the § 1985 claim.  See Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a [42 U.S.C. §] 1983 deprivation of rights precludes a [42 U.S.C. §] 1985 conspiracy claim predicated on the same allegations.")  (internal quotation marks omitted).

IT IS THEREFORE ORDERED that the Rocklin defendants and Siemens' motion to dismiss the § 1983 and § 1985 claims be, and the same hereby is, GRANTED.

Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with

---

[3] Because plaintiffs fail to sufficiently allege a constitutional violation, plaintiffs have also not sufficiently alleged Monell liability.  Monell liability requires an underlying constitutional violation.  Dixon v. Wallowa Cnty., 336 F.3d 1013, 1021 (9th Cir. 2003); see also Murray v. City of Carlsbad, No. 08-2121, 2010 WL 2839477, at *8 (C.D. Cal. July 19, 2010).

9

this Order.

DATED:  January 18, 2011

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE