UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRANDON OLIVERA and STEVEN ORTMANN,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRIAN VIZZUSI; MARK SIEMENS; CITY OF LINCOLN; CITY OF ROCKLIN; LINCOLN POLICE DEPARTMENT; and ROCKLIN POLICE DEPARTMENT,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:10-1747 WBS GGH<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS AND FOR COSTS AND ATTORNEY'S FEES |

----oo0oo----

This case is before the court on defendants[1] Mark

---

[1] The Fourth Amended Complaint ("FAC") includes claims against Brian Vizzusi, City of Lincoln, Lincoln Police Department, and Rocklin Police Department. As the court previously explained, these defendants are not proper defendants because either they have been voluntarily dismissed with prejudice or are not "persons" under 42 U.S.C. § 1983. See Olivera v. Vizzusi, No. CIV. 2:10-1747, 2011 WL 1253887, at *1 n.1-2 (E.D. Cal. Mar. 31, 2011).

1

Siemens and City of Rocklin's motion to dismiss plaintiffs Brandon Olivera and Steven Ortmann's Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants have also filed a motion for costs and attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

I.   Factual and Procedural Background

The parties are familiar with the general facts and the court will refrain from reciting them in full. A recitation of the facts can be found in the court's prior decisions. See Olivera v. Vizzusi, No. CIV. 2:10-1747, 2011 WL 1253887 (E.D. Cal. Mar. 31, 2011); Olivera v. Vizzusi, No. 2:10-1747, 2011 WL 219592 (E.D. Cal. Jan. 19, 2011); Olivera v. Vizzusi, No. 2:10-1747, 2010 WL 4723712 (E.D. Cal. Nov. 15, 2010).

In short, when plaintiffs were employed as police officers for Rocklin Police Department in 2003, they were intoxicated while off duty and ultimately arrested one evening, resulting in an internal affairs investigation and report ("IA report") authored by Brian Vizzusi. In 2007, long after completion of the investigation and IA report about the incident, Vizzusi, as Chief of Police for Lincoln Police Department, disclosed the IA report and made oral and written statements about the IA report to members of that police department, allegedly for no apparent reason.

The FAC alleges that defendant Siemens "authorized, permitted, or otherwise allowed VIZZUSI to obtain and maintain a copy of Plaintiffs' personnel records and personal information" after ending his employment with City of Rocklin and Rocklin

Police Department. (FAC ¶ 32 (Docket No. 55).) Vizzusi allegedly stated that he had "received permission" from Siemens "to distribute Plaintiffs' personnel records to members of the LINCOLN PD." (Id. ¶ 28.)

In their FAC, plaintiffs assert four claims under 42 U.S.C. § 1983 for violations of procedural due process, substantive due process, equal protection rights, and the Fourth Amendment,[2] as well as numerous state law claims.[3]

## II.  Discussion

### A.  Motion to Dismiss

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). In deciding

---

[2]  While the Fourth Amendment claim is brought against both defendants, the court previously granted qualified immunity to Siemens and afforded plaintiffs leave to allege only Monell liability on this claim. See Olivera, 2011 WL 1253887, at *8, *11.

[3]  As the court previously denied defendants' motion to dismiss many of the state law claims, see Olivera, No. 2:10-1747, 2010 WL 4723712, at *4 (E.D. Cal. Nov. 15, 2010), defendants do not move to dismiss these claims pursuant to Rule 12(b)(6). To the extent the court dismisses the federal claims, defendants urge the court to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

> 1. Section 1983 Claim for Violation of Procedural Due Process

In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 itself is not a source of substantive rights; it provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights. Id.; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994). A protected property interest giving rise to a procedural due process claim generally requires that the "individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law." Id. "A reasonable expectation of entitlement is

4

determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms."[4]  Id. (quoting Assoc. of Orange Cnty. Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir. 1983)) (internal quotation marks omitted).  "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause."  Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577)).

Here, the FAC is not clear on the alleged property interest.  Plaintiffs may be attempting to allege a property interest in records and information, the continued confidentiality of records and information, or the expungement of records after five years.  At the hearing, plaintiffs' counsel stated that the alleged property interest is the continued confidentiality of records and information.  Plaintiffs base their property interest on California's Public Safety Officers Procedural Bill of Rights (permitting officers to inspect their personnel files), California Penal Code sections 832.7(a) and 832.8 (providing that peace officers' personnel records are confidential, subject to limited exceptions), California

---

[4] "Although procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created 'if the procedural requirements are intended to be a significant substantive restriction on . . . decision making.'"  Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994) (quoting Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir. 1984)) (omission in original).

5

Government Code section 6254(k) (exempting disclosure of certain records from requests for public records), and a City of Rocklin and Rocklin Police Department policy of expunging certain records after five years.  See Cal. Gov't Code §§ 3300-3313; id. § 6254(k); Cal. Penal Code §§ 832.7(a), 832.8.

While plaintiffs have cited numerous cases and statutes relating to the confidentiality of California peace officers' records and information and expungement of records,[5] plaintiffs have cited no state or federal cases, and the court has found none, holding that California peace officers have a property interest in records and information, the continued confidentiality of records and information, or the expungement of records protected by procedural due process.

When asked at oral argument whether any courts have held that the statutes at issue or similar statutes create a property interest protected by federal due process, plaintiffs' counsel cited McDade v. West, 223 F.3d 1135 (9th Cir. 2000), but that case does not assist plaintiffs.  The state law at issue in

---

[5] In Pitchess v. Superior Court, 11 Cal. 3d 531, 536 (1974), the California Supreme Court held that a criminal defendant could compel discovery of certain information in police officer personnel files by demonstrating good cause.  Four years later, California's legislature codified the privileges and procedures surrounding "Pitchess motions" by enacting California Penal Code sections 832.7 and 832.8 and California Evidence Code sections 1043 through 1045.  See City of Santa Cruz v. Mun. Ct., 49 Cal. 3d 74, 81 (1989).  These statutes create a general privilege of confidentiality of peace officers' records and information with certain exceptions, not limited to criminal and civil proceedings.  See Copley Press, Inc. v. Super. Ct., 39 Cal. 4th 1272, 1284 (2006) (holding that newspaper was not entitled to records relating to peace officer's administrative appeal of disciplinary matter under California Public Records Act); City of Hemet v. Super. Ct., 37 Cal. App. 4th 1411, 1427 (4th Dist. 1995).

1  McDade criminalized malicious disclosures of the locations of
2  domestic violence shelters.  Id. at 1139.  The plaintiff alleged
3  a constitutional privacy violation, but the court expressly did
4  not reach that issue.  See id. at 1141 n.2 ("Since the issue is
5  not before this court, we need not reach the question of whether
6  Ms. West's disclosure resulted in a deprivation of a
7  constitutional right or a federal statutory right for § 1983
8  purposes."); id. at 1141 ("Even assuming for the moment that the
9  precise disclosure violated McDade's constitutional right to
10 privacy . . . .").

11           Plaintiffs' other cases are also inapposite.  See,
12 e.g., Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that
13 intentional destruction of property by state employee does not
14 violate due process if the state provides a meaningful
15 postdeprivation remedy); Bd. of Regents of State Colleges v.
16 Roth, 408 U.S. 564, 575, 578 (1972) (holding that university
17 employee did not have property or liberty interest in re-
18 employment); Goldberg v. Kelly, 397 U.S. 254, 264 (1970) (holding
19 that property interest existed in welfare benefits and "only a
20 pre-termination evidentiary hearing provides the recipient with
21 procedural due process"); Zimmerman v. City of Oakland, 255 F.3d
22 734 (9th Cir. 2001) (addressing postdeprivation remedies issue).
23 Many of plaintiffs' cases address sufficiency of process.
24 Because plaintiffs have failed to sufficiently allege a property
25 or liberty interest, the court does not reach this issue.

26           Courts have had the greatest occasion to consider the
27 effect of state confidentiality laws in the context of the right
28 to informational privacy.  For example, the court in Carver v.

7

Rathlesberger, No. CIVS04-1918 DFL PAN, 2005 WL 3080856 (E.D. Cal. Nov. 11, 2005), addressed a California confidentiality law with respect to complaints against doctors.  In that case, the court dismissed the right to informational privacy claim.  Id. at *3 ("Carver responds that a right of privacy is created by California law because it requires the Medical Board to keep confidential the records of complaints against him and to destroy any complaints over five years old that had not been acted on.  See Cal. Bus. & Prof. Code § 800.  However, even if California law restricts access to complaints against medical doctors, this does not create a constitutional right to privacy in those documents.  It merely provides for a possible state law remedy.").  That court, however, did not have occasion to consider whether plaintiff stated a procedural due process claim because the court interpreted plaintiff's complaint as alleging only a privacy claim.  Id. at *3 n.2.

   Federal and state courts outside of California have dismissed procedural due process claims based on state confidentiality laws.  See Boyd v. Lake Cnty., No. 04-3095, 2007 WL 1598086, at *4 (D. Or. June 1, 2007) (holding that state confidentiality law relating to juvenile records did not create property or liberty interest); Shields v. Shetler, 682 F. Supp. 1172, 1175 (D. Colo. 1988) (granting qualified immunity because it was not clearly established that state Open Records Act created property interest in not having personnel records disclosed); Toomer v. Garrett, 155 N.C. App. 462, 476 (2002) ("Under G.S. § 126-22 [(providing that state employees' personnel files shall not be subject to inspection by public)], plaintiff

8

may have a legitimate expectation of continued confidentiality for his state personnel file, but it is not the kind of 'monetizable' property interest generally protected by procedural due process."). Cf. Roberts v. Mentzer, Civil Action No. 08-4507, 2009 WL 1911687, at *3 (E.D. Pa. July 2, 2009) (while not addressing whether Pennsylvania law makes peace officers' records confidential, noting that "[t]here also is no authority to support Plaintiffs' contention they had a property interest in their personnel files"), aff'd, 382 Fed. App'x 158 (3rd Cir. 2010). But see Hammerstone v. Solebury Tp., No. CIV. A. 94-4515, 1994 WL 612794, at *3 (E.D. Pa. Nov. 7, 1994) (holding that state law prohibiting disclosure of driving records created "a tenable claim of entitlement to the confidentiality of his driving record").

In assessing whether plaintiffs have sufficiently alleged a property interest protected by procedural due process, the court finds the reasoning of Boyd, 2007 WL 1598086, at *4, instructive. Boyd addressed an Oregon confidentiality law with respect to juvenile records:

> While ORS 419A.255 might create a reasonable expectation that certain information regarding a juvenile case will be confidential and will not be disclosed to the public, it does not appear that that expectation would be a protected interest under federal constitutional law. The "entitlement" provided by ORS 419A.255 is not like a welfare benefit, Goldberg v. Kelly, 397 U.S. 254, 261-62 (1970), or property right in employment, Brady [v. Gebbie], 859 F.2d 1543 [(9th Cir. 2008)], or other statutory entitlement traditionally associated with a protected property interest, and it does not have an ascertainable monetary value.

Id.; see also id. ("The Supreme Court has stated that, traditionally, '[] Roth-type property-as-entitlement cases'

9

implicitly require that the protected property right have a readily ascertainable monetary value.") (quoting Castle Rock, Colo. v. Gonzalez, 545 U.S. 748, 767 (2005)).  Here, even if plaintiffs had a reasonable expectation with respect to records and information, such an expectation did not rise to the level of a property interest protected by federal procedural due process.  Accordingly, the court will dismiss the procedural due process claim to the extent that it relies on the California statutes and City of Rocklin and Rocklin Police Department policy.

Plaintiffs appear to also base their procedural due process claim on injury to their reputations.  "[R]eputation alone, apart from some more tangible interests," does not constitute "'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause."  Paul v. Davis, 424 U.S. 693, 694, 701 (1976); see also WMX Techs, Inc. v. Miller, 80 F.3d 1315, 1319 (9th Cir. 1996) (announcing that Paul established a "stigma-plus test").  "Under [the stigma-plus] test, a plaintiff must show the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, plus the denial of 'some more tangible interest[] such as employment,' or the alteration of a right or status recognized by state law."  Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 982 (9th Cir. 2002) (quoting Paul, 424 U.S. at 701) (second alteration in original).  Allegations of "loss of future income" or "psychological trauma," or "conclusory suggestions of the 'loss of liberty'" are insufficient to meet this burden under the stigma-plus test.  See Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d

10

963, 971 (9th Cir. 2010) (internal quotation marks omitted in first and second quotations).

Plaintiffs, who remain employed as police officers, have not alleged facts from which the court can plausibly infer that they suffered more than harm to their reputations. Accordingly, the court will dismiss the procedural due process claim against Siemens to the extent it relies on the stigma-plus test.

    2. <u>Section 1983 Claim for Violation of Substantive Due Process</u>

For a substantive due process claim, a plaintiff must generally "show a government deprivation of life, liberty, or property" that is regarded as "fundamental." <u>Brittain v. Hansen</u>, 451 F.3d 982, 990-91 (9th Cir. 2006) (quoting <u>Squaw Valley Dev. Co. v. Goldberg</u>, 375 F.3d 936, 948 (9th Cir. 2004) (internal quotation marks omitted). Because plaintiffs fail to allege a "fundamental" liberty or property interest, the court will dismiss this claim.

    3. <u>Section 1983 Claim for Violation of Equal Protection</u>

The Supreme Court has held that "the class-of-one theory of equal protection has no application in the public employment context" based, in part, on the "common-sense realization that government offices could not function if every employment decision became a constitutional matter." <u>Engquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 607 (2008) (quoting <u>Connick v. Myers</u>, 461 U.S. 138, 143 (1983)) (internal quotation marks omitted). In amending their complaint, plaintiffs failed to

11

allege that they were a part of some "identifiable group," as is required in a traditional equal protection claim. Id. at 601 (quoting Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979). Accordingly, the court will dismiss this claim.

        4.   *Monell* Liability

A city "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 693 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. Plaintiffs bring claims against City of Rocklin for violations of procedural due process, substantive due process, equal protection rights, and the Fourth Amendment.

With respect to plaintiffs' claim for violation of the Fourth Amendment, plaintiffs allege:

> ROCKLIN and LINCOLN maintained a custom, practice and policy of allowing the ROCKLIN PD and LINCOLN PD, respectively, their officers, officials and employees, including VIZZUSI and SIEMENS, to unlawfully, illegally, intentionally and willfully seize this property, use this property, to disclose the private personal information and private peace officer confidential personnel records of the Plaintiffs, and other similarly situated employees, without authorization, permission and/or a court order.
>
> . . .
>
> Defendants also maintained a custom, practice and policy of disclosing private peace officer confidential personnel records (property) to third persons, without authorization, permission and/or a pending court order.

(FAC ¶¶ 64, 68.) Plaintiffs' procedural due process, substantive due process, and equal protection rights claims contain similar

1 allegations.  (See id. ¶¶ 76-77, 79, 84-85, 94-97.)
2      Since Iqbal, such conclusory allegations that merely allege the existence of a custom, practice, or policy without providing facts from which to plausibly infer that such a custom, practice, or policy existed have been repeatedly rejected.  See Olivera, 2011 WL 1253887, at *10 (citing cases).  Accordingly, given the insufficiency of plaintiffs' conclusory allegations, the court will dismiss the claims against City of Rocklin.

     5.   Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).  For the reasons stated in the court's previous Order, see Olivera, 2011 WL 1253887, at *11, the court will decline to exercise supplemental jurisdiction over the state law claims.

     6.   Leave to Amend

Generally, the "standard for granting leave to amend is generous" and the court should not dismiss a complaint without leave to amend if it "could 'conceive of facts' that would render plaintiff's claim viable."  Balistreri v. Pac. Police Dep't, 901 F.2d 696, 701 (9th Cir. 1990) (quoting Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 (9th Cir. 1975)).  The lenient standard reaches its limits, however, when a plaintiff repeatedly fails to allege sufficient facts.  See, e.g., Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

The court has afforded plaintiffs ample opportunity to allege a federal claim against Siemens or City of Rocklin.

Plaintiffs are on their Fourth Amended Complaint and have still failed to allege a sufficient federal claim. Under the circumstances, the court "[cannot] 'conceive of facts' that would render plaintiff[s'] claim[s] viable." Balistreri, 901 F.2d at 701 (quoting Scott, 522 F.2d at 1116). Accordingly, the court will not give plaintiffs leave to amend.

      B.    Motion for Costs and Attorney's Fees

          1.    Section 1988

Defendants move for attorney's fees following the court's previous dismissal with prejudice of the right to informational privacy claim. Section 1988(b) of Title 42 of the United States Code authorizes the court, in its discretion, to award a "reasonable" attorney's fee to the prevailing party in a case brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). A "prevailing party" is one who succeeds on any significant issue in litigation, achieving some of the benefit sought in bringing the suit, and resulting in a "material alteration of the legal relationship of the parties." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989).

While § 1988 makes no such distinction, courts have interpreted the statute to treat a prevailing defendant differently from a prevailing plaintiff; fees are not awarded to a defendant routinely or simply because the defendant succeeded. See Patton v. Cnty. of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988). To be awarded fees, a prevailing defendant must demonstrate that the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C.,

434 U.S. 412, 421 (1978). This standard is "stringent," Hughes v. Rowe, 449 U.S. 5, 14 (1980), and the Ninth Circuit repeatedly has recognized that attorney's fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances." Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)) (internal quotation mark omitted); see also Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999); Brooks v. Cook, 938 F.2d 1048, 1055 (9th Cir. 1991).

"An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007) (citing Christiansburg, 434 U.S. at 422). A court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421-22.

Here, the Third Amended Complaint based the right to informational privacy claim on conclusory allegations that the disclosures included "statements about intoxication, sexual view points, sexual orientation, sexual relations, arrest records, and discrimination against third persons," (Third Am. Compl. ("TAC") ¶ 19 (Docket No. 49)), and allegations about: (1) the specific documents disclosed; (2) plaintiffs' potentially sexually-suggestive conduct and one's possible views on sexual orientation; (3) plaintiffs' alleged intoxication and other conduct; (4) the use of ethnic slurs; and (5) information about plaintiff Olivera's relationship with his cousin.

15

In the previous Order, the court explained that "the allegations in plaintiffs' TAC either fail to give rise to a cognizable right to informational privacy claim or are still too broad for the court to evaluate." Olivera, 2011 WL 1253887, at *5. While the court dismissed this claim with prejudice, the court cannot find that this claim was "frivolous, unreasonable, or without foundation." Christiansburg Garment Co., 434 U.S. at 421. Cf. Manqum v. City of Pocatello, No. CV-05-507, 2008 WL 974918, at *1 (Apr. 8, 2008) (denying motion for attorney's fees for right to informational privacy claim based on disclosure of financial information). Accordingly, the court will deny defendants' motion for attorney's fees pursuant to § 1988.

        2.   Section 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Because the statute requires that counsel multiplied the proceedings vexatiously, "carelessly, negligently, or unreasonably multiplying the proceedings is not enough." In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010) (adopting in full special master's report). While plaintiffs were unable to ultimately state a federal privacy claim after filing the initial complaint and three amended complaints, the court cannot conclude that plaintiffs' counsel's conduct was vexatious. Accordingly, the court will deny defendants' motion for costs and attorney's fees pursuant to § 1927.

16

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiffs' Fourth Amended Complaint in its entirety be, and the same hereby is, GRANTED. For the reasons discussed above, plaintiffs may not file a fifth amended complaint.

IT IS FURTHER ORDERED that defendants' motion for excess costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988 be, and the same hereby is, DENIED.

DATED: June 9, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

17